**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

JUN 18 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30016 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-00449-JO-1 |
| v. | |
| EDILBERTO GARCIA-RAMIREZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Robert E. Jones, District Judge, Presiding

Submitted May 11, 2020[**]
Portland, Oregon

Before: BYBEE and VANDYKE, Circuit Judges, and CARDONE,[***] District
Judge.

Edilberto Garcia-Ramirez appeals his conviction for illegally reentering the

United States after having been removed, in violation of 8 U.S.C. § 1326(a), which

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Kathleen Cardone, United States District Judge for the
Western District of Texas, sitting by designation.

is predicated on the July 2011 reinstatement of a February 2011 expedited removal order. Because the parties are familiar with the facts, we will not recite them here. We have jurisdiction under 28 U.S.C. §§ 1291, 1294.

The district court correctly denied Garcia-Ramirez's motion to dismiss his indictment under 8 U.S.C. § 1326(d), a decision we review de novo. *United States v. Flores*, 901 F.3d 1150, 1155 (9th Cir. 2018). We need not reach the question of whether the 2011 expedited removal proceedings violated Garcia-Ramirez's due process rights because he has failed to demonstrate prejudice.

In order to show prejudice, Garcia-Ramirez must demonstrate that he had "'plausible grounds for relief' from the removal order." *Id.* at 1162 (quoting *United States v. Raya-Vaca*, 771 F.3d 1195, 1206 (9th Cir. 2014)). Garcia-Ramirez argues that he would have plausibly been granted relief in the form of permission to withdraw his application for admission. Withdrawal is discretionary, and the agency uses six factors to guide its exercise of that discretion. *See id.* While Garcia-Ramirez had no prior findings of inadmissibility at the time of his expedited removal, the other five factors weigh strongly against relief. First, because he had entered the United States illegally on eight prior occasions, his immigration violation was relatively serious. *See Raya-Vaca*, 771 F.3d at 1208. Second, his prior entries and the fact that he evaded lawful ports of entry indicate an intent to break the law. *See id.* Third, Garcia-Ramirez did not have the ability

2

to easily overcome inadmissibility because he was not married to a United States citizen, his parents were not United States citizens, and he had no pending petitions for lawful status of any kind. *See id.* Fourth, he concedes that his relative youth and good health weigh against him. And lastly, Garcia-Ramirez also concedes that the record is silent regarding humanitarian considerations.

Accordingly, it is implausible that Garcia-Ramirez would have been granted relief from the February 2011 expedited removal order underlying his illegal-reentry conviction.

**AFFIRMED.**